IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHAD A. COBURN, )
)
          Petitioner, )
)
v. ) Case No. CIV-12-776-R
)
JUSTIN JONES, )
)
          Respondent. )

### ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On September 20, 2012, Judge Purcell issued a Supplemental Report and Recommendation, wherein he recommended the petition be denied. The matter is currently before the Court on Petitioner's objection to the Supplemental Report and Recommendation, and the Court has conducted a *de novo* review of the issues raised by the objection.

On June 22, 1994 Petitioner was sentenced to forty-years imprisonment, with ten of those suspended, following his conviction on a single count of murder in the second degree. The instant petition raises two grounds for relief. In Ground One, Petitioner complains that the Oklahoma State Legislature violated his rights under the Fifth and Fourteenth Amendments. He contends the Legislature's retroactive application of the 1997 amendment to Okla. Stat. tit. 57, § 332.7 violates the *ex post facto* clause, because after being denied parole, a person who is convicted of a violent crime is not reconsidered for three years. *Se*e Okla. Stat. tit. 57, § 332.7(D)(1). Prior to July 1, 1998, parole consideration was annual.

Judge Purcell recommended denial of this claim as barred by the one year statute of limitations period set forth in 28 U.S.C. § 2244(d). He alternatively recommended this ground be denied on the merits.

In response Petitioner contends that the statute of limitations period has not expired, because he is subject to a new *ex post facto* application of the law each time he comes up for parole consideration and reconsideration is delayed for three years. He contends that in June 2009, he was denied parole and set off three years for eligibility, and that he was once again denied parole in 2012 and set off three years for eligibility, as had happened in 2006 and 2003. Accordingly, he contends that after each denial he had one year in which to seek § 2241 relief, and that a petition filed in 2012 within one year of denial of parole, is timely.

First, the Court agrees with Judge Purcell's conclusion that Petitioner's claim is time barred. The relevant statute of limitations period provides that a petition for a writ of habeas corpus must be filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Although Petitioner contends each denial provides the factual predicate, he was aware in June 2003 that he would not receive parole consideration again for three years. Accordingly, even though Petitioner was denied parole three years thereafter, and again three years after that, the factual basis for the three year increments has not changed since 2003, and therefore, the Court rejects his contention that each time he is denied parole it is a new constitutional violation and therefore the statute of limitations period begins anew. Additionally, as noted by Judge Purcell, Petitioner presents no basis for

tolling, either equitable or statutory, and nothing in his objection renders the tolling of either type applicable. Furthermore, as explained by Judge Purcell, the Tenth Circuit has rejected the claim that the 1998 amended statute shifting parole hearings from one year to three years violates the prohibition against *ex post facto* laws. *Henderson v. Scott*, 260 F.3d 1213 (10th Cir. 2001). Even if the petition was timely filed, ground one lacks merit and therefore could not provide the basis for habeas corpus relief.

In his second ground for relief Petitioner argues that Okla. Stat. tit. 57 § 138 and certain Department of Corrections' policies promulgated as a result of the statute, specifically OP-060213, which was adopted after his conviction and has since been incorporated into other Department of Corrections' policies, violated his rights under the due process clause and the *ex post facto* clause.[1] OP-060213, a Department of Corrections regulation addressing earned credit classes, classified inmates into four categories for purposes of earning credits and dictated that certain misconducts could preclude promotion above Level 2. Petitioner requests that any credits revoked from him since he was incarcerated be restored, and he asks to be placed at Level IV, the highest earning category, for the entirety of his sentence, both retroactively and prospectively  In assessing ground two, Judge Purcell recommended that the petition be dismissed as untimely. His conclusion regarding untimeliness was premised on Petitioner's recent misconducts and Petitioner's attempt to raise the *ex post facto* argument  administratively. According to Petitioner's consolidated record card, he was subject to discipline in both May and June, 2010. In June 2011, Petitioner sought administrative relief

---

[1] The policy was enacted by Department of Corrections as required by Okla. Stat. tit. 57, § 138,

from prison officials, which was denied. Petitioner did not file this action until June, 2012, after expiration of the one year statute of limitations period for § 2241 petitions, which started to run when Petitioner knew or reasonably should have known about the limitations on his level classification as a result of his misconduct.[2] Although it is likely that Petitioner was aware prior to May or July 2010 that he was allegedly being subjected to a policy that allegedly violated his *ex post facto* and due process rights, as a result of a substantial number of disciplinary convictions, as noted, he did not seek administrative relief until June 10, 2011. Petitioner does not object to Judge Purcell's conclusion regarding the timing of his knowledge of the facts in support of his claim, i.e. that he knew of the factual basis for his claim in June 2010, nor does he take issue with the fact that he did not seek administrative relief for approximately one year. As such, the Court concurs with Judge Purcell that the petition, having been filed more than two years after Plaintiff learned of the factual predicate of his claim, is untimely and Petitioner's second ground for relief is dismissed as such.

For the reasons set forth herein, the Report and Recommendation is hereby adopted and the petition is hereby dismissed as untimely.

IT IS SO ORDERED this 26th day of October, 2012.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[2] These were the two misconducts referenced in the response that Petitioner received to a request to staff he filed in June 2011. From the Court's review of the consolidated record card, it appears that Petitioner was subjected to discipline on November 18, 2011, for individual disruptive behavior and again demoted to level one, this time for ninety-days. However, the request to staff Petitioner filed in June 2011 addressing the issue came after the May and June 2010 disciplinary actions.